1  Barbara A. Cotter - 142590
   Justin J. Schnitzler - 240966
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA  95825
   Telephone:     (916) 565-0300
4  Facsimile:     (916) 565-1636

5  Attorneys for Defendant
   NOVELLUS SYSTEMS, INC.

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11  HARRY A. CHRISTOV and IGOR SMIRNOV          Case No.: C05 03566 RMW

12        Plaintiff,                           **STIPULATION & ORDER REGARDING
                                               TREATMENT OF CONFIDENTIAL
13  v.                                         INFORMATION**

14  NOVELLUS SYSTEMS, INC.,

15        Defendants.

16

17        The parties hereto, by and through their respective counsel, recognize that Novellus Systems,

18  Inc. possesses, or may possess, information of a confidential  and sensitive nature protected from

19  disclosure pursuant  to Article 1, Section 1, of the California Constitution as well as  common law

20  protections. It may be necessary for the other parties to request such information during discovery

21  proceedings in this matter (the "Action"). To facilitate the exchange of such information without

22  waiving constitutional or other rights, the parties hereto stipulate and agree as is provided in this Order.

23  A.    **STIPULATION REGARDING CONFIDENTIALITY**

24        1.    **"Confidential Material" Defined**.  The term "Confidential Material" as used in this

25  Order shall mean all "writings," as that term is defined in California Evidence Code § 250, whether or

26  not embodied in physical medium, which the designating party and counsel believes in good faith

27  contain information that warrants protection under the standards developed under Federal Rules of

28

                                    - 1 -

1   Civil Procedure 26 (c ).

2           a.     In the case of documents and things, and the information contained therein,

3   designation shall be made by the designating party affixing substantially the following legend on any

4   such document or thing: "CONFIDENTIAL."

5           b.     In the case of depositions and the information contained in depositions

6   (including exhibits), Confidential Material shall be designated by counsel for the designating party

7   making a statement to such effect on the record in the course of the deposition.  If such designation is

8   made, the original and each copy of the transcript shall bear substantially the following legend on the

9   cover thereof: "CONTAINS CONFIDENTIAL MATERIAL.  NOT TO BE USED OR DISCLOSED

10  EXCEPT AS EXPRESSLY AUTHORIZED BY ORDER OF THE COURT."

11          c.     The designating party and that party's counsel shall make a good faith effort to

12  designate as "Confidential Material" only such documents, information and/or things which the

13  designating party reasonably believes warrant protection under the standards developed under Federal

14  Rules of Civil Procedure 26(c ).

15      2.     **Authorized Persons**.  Confidential Material shall be used solely for the purpose of

16  conducting this litigation and not for any business or other purpose whatsoever.  For the purpose of

17  conducting this litigation, Confidential Material shall not be directly or indirectly, in whole or in part,

18  be revealed or disclosed, or made available for inspection or copying except to the following

19  "authorized persons," or as otherwise ordered by the Court:

20          a.     The Court and its personnel and any jury impaneled in this action;

21          b.     A court reporter transcribing, and an outside person translating at, a deposition

22  in this Action;

23          c.     The parties to this Action;

24          d.     Attorneys employed or retained by or for the party receiving confidential

25  material, and the support staffs of those attorney, including but not limited to, law clerks, legal

26  assistants, secretaries, clerks, assisting in connection with the preparation or trial of this action, and;

27          e.     Such other persons including expert witnesses as the parties may designate

28  through written notice as provided in paragraph 3 below and/or by written stipulation and order of the

1   Court.

2         3.     **Notification Required**: All Confidential Material disclosed hereunder shall at all times

3   be retained in the custody of counsel described in 2(c) above. In the event that a party (hereinafter

4   "disclosing party") deems it necessary to disclose Confidential Material to any person or entity not

5   listed in paragraphs 2(b) and 2(c), it shall so notify all counsel in writing at least fifteen (15) days prior

6   to the proposed date for said disclosure to any person or entity. Said written notice shall include the

7   name and address of the person or entity for which disclosure is sought, the confidential material

8   sought to be disclosed, and a detailed explanation in support of the disclosure. Upon receipt of a notice

9   of disclosure, the receiving party shall have ten (10) days to object to the disclosure and the parties

10   shall in good faith attempt to resolve the objection. If the parties cannot resolve the objection amongst

11   themselves, the objecting party shall present its objection to the Court within ten (10) business days

12   from the receipt by the disclosing party of the other party's objections. Thereafter, the Court shall

13   either authorize, reject, or impose such conditions, as to any such proposed disclosure, or in the event

14   that objections are made and resolved amicably between the parties, the person proposed to receive

15   disclosure of confidential material shall be deemed as an "authorized person" pursuant to subparagraph

16   2(d) above. The disclosing party shall not disclose any Confidential Material pursuant to this

17   subparagraph absent either written approval of the designating party or a court order allowing

18   disclosure.

19         4.     **Use in Court Proceedings**. If a party wishes to file any Confidential Material with the

20   court, that party shall submit the Confidential Material to the court along with a request to file it under

21   seal pursuant to Civil Local Rule 79-5. In the event Confidential Material is used in any court

22   proceeding herein, it shall not lose its confidential status so long as it is not publicly disclosed. The

23   handling of Confidential Materials during any hearings or at trial shall be determined by the judge

24   presiding at the hearing or trial. The parties shall make reasonable efforts to protect the confidentiality

25   of Confidential Materials during any such use.

26         5.     **Things to be returned**. Within ninety (90) days of the conclusion of this litigation,

27   including all final appeals, if any, all Confidential Material and all copies, notes, extracts and

28   summaries thereof (excluding pleadings and deposition transcripts) shall be returned to the party

1  producing that material, if so requested in writing at such time by the producing party.  Nothing herein

2  shall require the court to return to any party any documents the court does not normally return to

3  parties under the court's usual procedures.

4  **B.**   **MISCELLANEOUS**

5      1.   **Term**.  This Stipulation is binding upon the execution of both parties. This Stipulation

6  and Order thereon shall remain in effect until further Order of this Court.

7      2.   **Modification**.  This Stipulation is entered into without prejudice to the right of any

8  party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of

9  this Stipulation.  Further, the parties may amend or modify any provision of this Stipulation by mutual

10  agreement, which agreement shall be embodied in a written stipulation to be approved by this Court.

11      3.   **Counterparts**.  This Stipulation may be executed in multiple counterpart copies, each

12  of which shall be deemed an original, and all, when taken together, shall constitute the Stipulation.

13

14

15                    **STIPULATED AND AGREED TO**

16

17

18  Dated:  April 27, 2006             MURPHY, PEARSON, BRADLEY & FEENEY

19

20                    By:    ___/s/ JUSTIN J. SCHNITZLER_____

21                       Justin J. Schnitzler
                         Attorneys for Defendant NOVELLUS SYSTEMS, INC.

22

23  Dated: April 28, 2006             SAMUELSON, WILSON, & ROE

24

25                    By:    ___/s/ CHARLES R. ROE_____

26                       Charles R. Roe
                         Attorney for Plaintiffs HARRY CHRISTOV and IGOR

27                       SMIRNOV

28

Stipulation & Order Regarding Treatment Of Confidential Information

## <u>ORDER RE STIPULATION</u>

Pursuant to Stipulation and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT** all discovery in this matter shall be subject to the within Stipulation regarding the treatment of Confidential Material.

Dated: _____5/15/06_____

_Patricia V. Trumbull_

United States ~~District Court~~ Judge
Magistrate